SEATON v. MAJORS.    (No. 5589.)

(Court of Civil Appeals of Texas.    San Antonio.    Jan. 26, 1916.)

1. PLEADING ⟐34—PETITION—SUFFICIENCY.

As against general demurrer, every intendment will be indulged in favor of the petitioner.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. ⟐34.]

2. JUDGMENT ⟐250—PLEADING TO SUSTAIN.

A judgment cannot be upheld, where the petition did not state a cause of action against the parties, regardless of what the evidence showed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. ⟐250.]

3. CORPORATIONS ⟐268—STOCKHOLDERS—ACTIONS AGAINST.

A petition by plaintiff, who rendered services for a corporation, by which he sought recovery against the corporation and its stockholders, alleged that defendants were the principal stockholders, and as such received and had the benefit of the services rendered, and by reason thereof became liable to plaintiff for his services. The petition contained no averments showing the stockholders liable, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1198, for unpaid stock, or bringing the case within articles 1206, 1208, on the ground of insolvency and dissolution. Held that, as a shareholder always receives the benefit of contracts made by the corporation, the petition did not state a cause of action against the defendant shareholders, notwithstanding every intendment must be taken in its favor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1129, 1131, 1133–1147, 2276; Dec. Dig. ⟐268.]

Error from Nueces County Court; W. F. Timon, Judge.

Action by W. E. Majors against the Nueces River Irrigation Company, a corporation, and others. There was a judgment for plaintiff, and the defendant Mildred Seaton brings error. Reversed and remanded.

B. W. Teagarden, of San Antonio, and Edward B. Ward, of Corpus Christi, for plaintiff in error. G. R. Scott, Boone & Pope, Claude Lawrence, and Gowan Jones, all of Corpus Christi, for defendant in error.

CARL, J. W. E. Majors sued the Nueces River Irrigation Company, a corporation, Mildred Seaton, a feme sole, and George Gee, and alleged that he was employed by the Irrigation Company about December 1, 1913, at $40 per month, and entered into the company's service December 15, 1913, and worked for it under the terms of the oral contract of employment until the 1st of November, 1914, and that all he had been paid was $6, which was duly credited. The corporation, George Gee, and plaintiff in error were duly served with citation, but made default, and a joint and several judgment was rendered against all the defendants.

[1-3] The only allegation whatsoever with reference to plaintiff in error and George Gee is contained in the eighth paragraph of the petition, and is as follows:

"That said defendants Mildred Seaton and George Gee are the principal stockholders in said defendant corporation, and as such received the benefit of the services rendered by plaintiff to defendant corporation, and by reason thereof they, and each of them, became liable to this plaintiff for his said services, and that by reason thereof plaintiff is entitled to and does look to these defendants, and each of them, for the full satisfaction of his said debt."

The prayer was for judgment against all the defendants. There is no allegation that the corporation is insolvent. If we indulge every reasonable intendment in favor of this petition, which we must do in testing its sufficiency as against a general demurrer, does it state a cause of action against the plaintiff in error? We do not think it does. All the allegations of the petition are as to a contract made with the corporation, and that the service was performed for that company. The only charge against Gee and plaintiff in error is that they were the principal stockholders in the corporation sued, and received the benefits of the service. There is absolutely no allegation which charges them, or either of them, with anything which would show liability on their part. It matters not what the evidence showed. The petition must state a cause of action as to those against whom a judgment is sought. Busch v. Broun (Civ. App.) 152 S. W. 685; Western Union Tel. Co. v. Stracner (Civ. App.) 152 S. W. 845. It was not alleged that the corporation had been dissolved, and that its assets were in the hands of plaintiff in error and Gee, as mentioned in article 1208 of Vernon's Sayles' Civil Statutes; nor is it alleged that they were directors or officers at the time of the dissolution, if it was ever dissolved, as provided in article 1206, and thus trustees for the creditors. Neither is it alleged that plaintiff in error owed for stock in the corporation, so as to make her liable under article 1198.

In fact, this is just a straight suit declaring on a contract made with the corporation, and no fact whatever is alleged which would make the stockholders liable for the corporation's contract. Every stockholder is supposed to receive the benefits of contracts made by the corporation, but that fact in no wise makes such stockholders liable for the debts of that corporation; and the allegation that Majors looked to them to pay him does not show that the stockholders ever in any way promised to pay him, or were under any legal obligation to him whatsoever.

The petition did not state a cause of action against plaintiff in error, and the judgment is reversed, and the cause remanded.